UNITED STATES DISTCICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW PITRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:21-CV-218-HAB |
| | ) |
| WHITLEY SUPERIOR COURT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pro se plaintiff, Matthew Pitre (Pitre), was caught speeding in Whitley County, Indiana and received a ticket. The Whitley Superior Court adjudged him guilty of the infraction.[1] After the Whitley Superior Court refused to take any action on a series of non-sensical pre- and post-conviction filings by Pitre,[2] he filed suit in federal court seeking $153,200,000 in damages and an

---

[1] The Court takes judicial notice of the proceedings in Whitley Superior Court, *State of Indiana v. Matthew C. Pitre*, 92D01-2012-IF-002609 filed on December 10, 2020, as well as proceedings in LaGrange Superior Court, *State of Indiana v. Matthew Christian Pitre,* 44D01-2107-IF-001130 filed on July 7, 2021. Public records are appropriate subjects of judicial notice. *See In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (court orders); *Pickett v. Sheridan Health Care Ctr*, 664 F.3d 632, 648 (7th Cir. 2011) (government websites). It is proper to take judicial notice that documents in the public record exist, that they say what they say, and (if applicable) that they have legal consequences. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). Here, the Court takes notice of the LaGrange County proceedings solely to note that Pitre has filed documents similar to those filed in this case (see ECF 15-1 and n. 2 below) and in the Whitley County proceedings, in that court.

[2] Pitre's filings, as noted by the Indiana Attorney General in its brief supporting the motion for judgment on the pleadings, contain all the hallmarks of the sovereign citizen movement. Pitre, however, disclaims being part of the sovereign citizen movement –a claim that is belied by the content of his August 5, 2021 filing and 78-page attachment filed along with it. The Seventh Circuit has repeatedly characterized these types of filings as frivolous, without merit and summarily rejects them. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' [etc.] ... that person is not beyond the jurisdiction of the courts," and the "theories of individual sovereignty, immunity from prosecution, and their ilk" should be "rejected summarily"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law").

expungement of his record. (ECF No. 3). Presently before the Court is Defendant's Motion for Judgment on the Pleadings filed on July 27, 2021. (ECF No. 13). On August 5, 2021, Pitre continued with his nonsense in a document he claims is filed through his "Private Attorney General, Justin-Edward:Nolan,"[3] captioned "Motion in Limine to Exclude Argument of Opposing Counsel Due to Lack of First Hand Knowledge of Facts Concerning this Matter and Defamation/Notice of Non Response" (ECF No. 15). Aside from this filing which contains irrelevant legal citations and theories, a host of Latin phrases and references, and some sort of alleged fee schedule, Pitre did not respond to the merits of the Defendant's motion in any meaningful way. Nevertheless, because this Court lacks jurisdiction to review or set aside a state court judgment, the Defendant's Motion for Judgment on the Pleadings (ECF No. 13) will be granted. Pitre's Motion in Limine will be STRICKEN as it is not a proper filing in this Court.

## Discussion

### a. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). The facts are viewed in the light most favorable to the nonmovant. *Id.* To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[3] Justin-Edward:Nolan has not appeared as counsel for Pitre (although he does purport to appear by special visitation) and is not a licensed member of the Indiana state bar, or any other bar. Nor is he authorized to practice in this Court.

### b. Legal Analysis

Pitre's Amended Complaint sets forth the following factual basis, which the Court accepts as true for purposes of the present analysis:

> On or about 12/06/2020 at 9:24 am on US 3 near CR 750 E Petitioner was traveling in his private conveyance at the suggest[ed] rate of speed. I witness traveling in the opposite direction a policy enforcement agent abruptly pull a U turn cutting off oncoming traffic indicating an emergency, where upon I pulled to the side and realized I was the subject of the unwarranted stop. Where upon I was unlawfully detained and cited for alleged speeding. Ticket was contested. I [n]ever received hearing. I was denied due process and they entered a guilty plea resulting in numerous injuries to my person.

(ECF No. 3 at 2). Pitre seeks an order of expungement and monetary damages. (*Id.* at 3).

In its motion for judgment on the pleadings, the Defendant advances several legal theories to support judgment in its favor. Defendant is correct in its assertion that these various theories could apply to bar Pitre from advancing his claim on the merits. But this Court is limited only to the first argument since that argument is well-taken and deprives the Court of jurisdiction over the Amended Complaint. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (internal quotation marks omitted) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

The *Rooker–Feldman* doctrine derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Simply put, the *Rooker–Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 532 (7th Cir. 2004) (quotation altered). If

a claim is barred by the *Rooker–Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case. *Id.*

Just yesterday, the Seventh Circuit reiterated the test for determining whether the *Rooker-Feldman* doctrine bars jurisdiction, *see Andrade v. City of Hammond,* ___ F.4th ___, 2021 WL 3745446 (7th Cir. Aug. 25, 2021):

> To determine whether the *Rooker-Feldman* doctrine bars jurisdiction, we apply a two-step analysis. First, we consider whether a plaintiff's federal claims are "independent" or, instead, whether they "either 'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). If they are "independent" claims, the *Rooker-Feldman* doctrine does not preclude federal courts from exercising jurisdiction over them. But if they "directly" challenge or are "inextricably intertwined" with a state-court judgment, then we move on to step two.
>
> At step two, we determine "whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). Only if the plaintiff did have such an opportunity does *Rooker-Feldman* strip federal courts of jurisdiction.

*Id*. at *2.

Defendant asserts that the thrust of Pitre's Amended Complaint is that the state court determination that he is guilty of a traffic violation is wrong and thus he is directly challenging the state court judgment. Defendant further asserts that Pitre had a chance to challenge that determination in the state court proceedings or through pursuit of an appeal of his conviction.

The Court agrees with Defendant on both issues. Pitre's Amended Complaint asks this Court to enter an order of expungement, i.e., overturn his conviction. Further, while Pitre asserts he did not receive a hearing in Whitley Superior Court before being convicted of a traffic infraction, even assuming this fact is true as the Court must on a motion such as this, his proper remedy was to appeal the conviction through the state court process – not seek to have this Court reverse the decision. The fact that he opted to seek aid from federal court in lieu of pursuing an

appeal in state court dooms his lawsuit under *Rooker-Feldman* at least to the extent he is seeking a reversal of his conviction by this Court.

But even if the Court is wrong about the nature of Pitre's challenge above, he faces a second jurisdictional hurdle to the extent he is seeking monetary relief. Although he does not specifically reference 42 U.S.C. §1983 directly in his Amended Complaint, a fair reading of his grievances is that he seeks to hold the Defendant civilly liable under 42 U.S.C. §1983. Read liberally, Pitre is seeking a determination that the Defendant violated his right to due process by denying him a hearing on his speeding infraction. If that is the case, *Heck v. Humphrey*, 512 U.S. 477 (1994), comes into play to bar his claim and deprive the Court of jurisdiction. *Heck* instructs that when a plaintiff seeks damages in a § 1983 suit, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. This rule aims to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Id.* at 484. Because § 1983 is a theory of tort liability, *Heck* reiterates "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486.

In this case, any finding by this Court that the state court deprived Pitre of due process by failing to give him a hearing before convicting him of speeding would necessarily imply the invalidity of his conviction. *Heck* prohibits such a result. Accordingly, regardless of the relief sought here by Pitre, he is impermissibly seeking this Court to overturn or imply the invalidity of his conviction. This Court is without jurisdiction to accommodate his request. The Defendant's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED.

## **Conclusion**

Based on the above, this Court lacks jurisdiction to consider the Amended Complaint. The Defendant's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. The Plaintiff's Motion in Limine (ECF No. 15) is STRICKEN as it was not filed by Plaintiff himself or his attorney representative. The Clerk is DIRECTED to enter judgment in favor of the Defendant.

SO ORDERED on August 26, 2021.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT